UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CREEK,

       Petitioner,

v.                                     Case Number: 11-12144
                                      Honorable Patrick J. Duggan

LLOYD RAPELJE,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Robert Creek ("Petitioner") is currently confined at the Saginaw Correctional Facility in Freeland, Michigan. He filed this *pro se* habeas petition challenging his 2010 convictions for assault with intent to do great bodily harm less than murder and felony firearm in the Circuit Court for Hillsdale County, Michigan. The trial court sentenced Petitioner to nine and one-half to twenty years in prison for the assault conviction and the mandatory two year prison term for the felony-firearm conviction.

In his petition, Petitioner raises claims concerning his sentence, the prosecutor's conduct, and the effectiveness of counsel. For the reasons stated, the Court concludes that Petitioner has not properly exhausted his state-court remedies as to the latter two claims and dismisses without prejudice the petition. The Court also declines to issue a certificate of appealability.

## Procedural Background

Following his sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Creek*, No. 299381 (Mich. Ct. App. Oct. 14, 2010).  The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 8, 2011.  *People v. Creek*, 488 Mich. 1050, 794 N.W.2d 332 (Mich. 2011).

Petitioner neither filed a post-conviction motion with the state trial court nor a petition for writ of certiorari with the United States Supreme Court.  Rather, he filed the pending habeas petition on May 17, 2011.  It was signed and dated May 12, 2011.

## Discussion

Promptly after the filing of a petition for writ of habeas corpus, the reviewing court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rule 4, Rules Governing Section 2254 Cases.  If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id*.; *see also McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A prisoner filing a petition for a writ of habeas corpus under § 2254 must first exhaust all state remedies.  28 U.S.C. § 2254(b)(1)(A).  To be properly exhausted, "state prisoners must give the state courts one full fair opportunity to resolve any constitutional

2

issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, a Michigan prisoner must present each issue he seeks to raise in a federal habeas proceeding to the Michigan Court of Appeals and the Michigan Supreme Court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of his state court remedies. It appears that he has failed to exhaust his claims alleging prosecutorial misconduct and ineffective assistance of counsel in the Michigan courts before proceeding in this Court on federal habeas review. It further appears that there are remedies in the Michigan courts available for Petitioner to assert these claims. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary.

A federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534 (2005). The Supreme Court has advised, however, that "stay and abeyance" is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, the petitioner

3

demonstrates "good cause" for the failure to exhaust state-court remedies before proceeding in federal court, and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277, 125 S. Ct. at 1535.

Petitioner has not shown good cause for failing to fully exhaust his claims in the state courts. Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state-court remedies in a prompt fashion. The one-year period did not begin to run until ninety days after the conclusion of his direct appeal. The Michigan Supreme Court denied his application for leave to appeal on March 8, 2011. For statute of limitations purposes, Petitioner's appeal became final on or about June 6, 2011, after the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 333, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000); Sup.Ct.R. 13(1). The limitations period therefore began to run the following day.

Petitioner has one year from that date to file his habeas petition. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .." Given that, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

**Conclusion**

4

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state-court remedies as to two of the claims asserted in his petition: his prosecutorial misconduct claim and his ineffective assistance of counsel claim. The Court, therefore, must summarily dismiss the petition without prejudice.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1603-04 (2000). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability may issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court concludes that jurists of reason would not find the correctness of its decision to summarily dismiss the petition, without prejudice, debatable.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus

5

pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**;

        **IT IS FURTHER ORDERED**, that the Court **DECLINES** to issue Petitioner a

certificate of appealability.

Date:  June 30, 2011               s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copy to:

Robert Creek, # 245932
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

6