UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CREEK,

      Petitioner,

v.                                    Case Number: 11-12144
                                        Honorable Patrick J. Duggan

LLOYD RAPELJE,

      Respondent.
_____/

## OPINION AND ORDER (1) GRANTING MOTION FOR RECONSIDERATION TO THE EXTENT THAT IT WILL VACATE THE JUDGMENT DISMISSING ACTION ON EXHAUSTION GROUNDS AND ALLOW PETITIONER TO AMEND HIS PETITION TO DELETE UNEXHAUSTED CLAIMS; (2) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE; AND, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas action brought by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Robert Creek ("Petitioner") is currently confined at the Saginaw Correctional Facility in Freeland, Michigan. On January 11, 2010, he pleaded no-contest in the Circuit Court for Hillsdale County, Michigan, to assault with intent to do great bodily harm less than murder and felony firearm. On February 16, 2010, the trial court sentenced him to 114 months to twenty years in prison for the assault conviction, consecutive to a mandatory two-year prison term for the felony-firearm conviction. In his habeas petition, filed May 17, 2011, Petitioner raised claims concerning his sentence, the prosecutor's conduct, and the effectiveness of counsel. (Doc. 1.) On June 30, 2011, this

Court issued an opinion and order dismissing the petition without prejudice due to Petitioner's failure to exhaust his state-court remedies.  (Doc. 5.)  On February 2, 2012, Petitioner filed a motion for reconsideration in which he indicates that he wants to pursue his exhausted claim related to his sentencing, only.  He attached an amended petition to the motion in which he asserts the sentencing claim as his sole ground for relief.

For the reasons stated, the Court will grant Petitioner's motion for reconsideration to the extent that it will vacate the judgment dismissing his action and allow him to amend his petition to eliminate the unexhausted claims and proceed with his exhausted sentencing claim.  However, because Petitioner's sentencing claim is a state law claim and non-cognizable in federal habeas review, the amended petition will be dismissed with prejudice.  The Court also will decline to issue a certificate of appealability.

### Discussion

### Motion for Reconsideration

The Court construes Petitioner's motion for reconsideration as a motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b).  A Rule 60(b) motion may be granted only for certain specified reasons, including " any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

In its previous opinion, the Court found that Petitioner properly exhausted only his sentencing claim in the Michigan appellate courts and failed to exhaust his claims with respect to prosecutorial misconduct and ineffective assistance of counsel.  Because Petitioner's habeas application contained one exhausted claim and two unexhausted

claims, the Court did not err in dismissing his habeas action as a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 276, 125 S.Ct. 1528, 1534 (2005). Nevertheless, in his pending motion, Petitioner requests that this Court "[reconsider] on his one (1) issue for resentencing pursuant to MCR 6.429." (Doc. 6 at 1.)

Petitioner is free to amend his petition to delete the unexhausted claims and proceed on his exhausted sentencing claim. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204 (1982). This justifies granting relief to Petitioner. Specifically, the Court will grant Petitioner's motion to the extent that it will vacate the judgment dismissing his case and allow him to amend his petition to eliminate his unexhausted claims and proceed on his sentencing claim. The Court discusses the merits of his surviving claim below.

### Merits of Sentencing Claim

Promptly after the filing of a petition for writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

Petitioner alleges that he is entitled to re-sentencing because offense variable four

3

of the Michigan sentencing guidelines was mis-scored and the error affected the

sentencing guideline range.  Offense variable four was scored ten points for serious

psychological injury to a victim.  Petitioner contends that there was no evidence to

support the score of ten points.

It is well established that "federal habeas corpus relief does not lie for errors of

state law."  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991) (quoting

*Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102 (1990)).  Petitioner's argument

that the state court erred in scoring his sentencing guidelines is based solely on the state

court's interpretation of state law.  It does not implicate any federal rights.  *Bradshaw v.

Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 604 (2005) (citations omitted) ("[A] state court's

interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting in habeas review").  "[A] claim that the trial court

mis-scored offense variables in determining the state sentencing guidelines is not

cognizable on habeas corpus review."  *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D.

Mich. 2007) (citing *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)).

Therefore, habeas corpus relief is not available to Petitioner based on his sentencing

claim.

4

## Certificate of Appealability

The Court also declines to issue a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court declines to issue Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief.  *See Beck v. Prelesnik*, No. 2:11-CV-10887, 2011 WL 1104148, at *7 (E.D. Mich. Mar. 23, 2011) (citing *Alexander v. Harris*, 595 F.2d 87, 91 (2nd Cir. 1979)).

5

**Conclusion**

For the reasons stated, the Court grants Petitioner's motion for reconsideration to the extent that it will vacate the judgment dismissing his action and allow him to amend his petition to eliminate the unexhausted claims and proceed with his sentencing claim. However, because Petitioner's sentencing claim is a state-law claim and non-cognizable in federal habeas review, the Court summarily dismisses the petition for a writ of habeas corpus with prejudice.  In addition the Court declines to issue a certificate of appealability.

**SO ORDERED**.

Dated:March 29, 2012

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE


Copy to:

Robert Creek, # 245932
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

6